UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JUAN SEBASTIÁN CARVAJAL-MUÑOZ,

Plaintiff,

v.

JACK CORY RAVENCAMP, *et al.*,

Defendants.

Civil No. 2:26-cv-00190-JCN

**PLAINTIFF'S CONSENT MOTION FOR PERMISSION
TO ISSUE A RULE 45 SUBPOENA TO THE UNITED STATES**

Plaintiff Juan Sebastián Carvajal-Muñoz, by his undersigned counsel, moves this Court,

on consent, for permission to issue a subpoena to the United States of America for documents

containing the names of certain individuals, who plaintiff alleges to be Defendants Jane Doe No.

1 and John Doe No. 1, under Federal Rule of Civil Procedure 45 prior to a Rule 26(f) conference.

Counsel for plaintiff has conferred with counsel for Defendant Jack Cory Ravencamp and for the

United States, and Ravencamp and the United States consent to the relief requested in this

motion on the condition that their joint consent motion for a protective order, filed herewith, is

granted.

Plaintiff brings this lawsuit against United States Immigration and Customs Enforcement

Officer Jack Cory Ravencamp, as well as four agents whose names are unknown to plaintiff—

John Doe Nos. 1-3 and Jane Doe No. 1—for their alleged actions in stopping and detaining

plaintiff. *See generally* ECF No. 1. Plaintiff seeks early discovery to identify the Doe Defendants

so that he might add them as named defendants to the lawsuit. The United States and Officer

1

Ravencamp have asserted interests in avoiding early discovery and protecting confidential information. To balance these competing interests, the parties agree that the Court should permit limited early discovery directed to the United States and enabling plaintiff to obtain the names of the individuals who travelled in a vehicle with Officer Ravencamp on the morning of January 22, 2026, alleged to be John Doe No. 1 and Jane Doe No. 1.[1] At the same time, as set forth in the United States' and Officer Ravencamp's joint consent motion for a protective order filed herewith, the parties agree that the Court should enter a protective order to safeguard Privacy Act protected information and law enforcement sensitive information. This agreement applies only to early discovery prior to the Rule 26(f) conference and the parties reserve all rights and objections with respect to the same or similar actions in later stages of the litigation.

The Court has the authority to order early discovery based on a showing of good cause. *See* Fed. R. Civ. P. 26(d). Here, the parties agree that, with a protective order in place, there is good cause to issue a limited subpoena to the United States. Hence, subject to the proposed protective order, the Court should authorize plaintiff to issue to the United States a Rule 45 subpoena for documents which contain the names of the individuals who travelled in a vehicle with Officer Ravencamp on the morning of January 22, 2026, alleged to be John Doe No.1 and Jane Doe No. 1.[2]

---

[1] This motion applies only to early discovery regarding the identities of the individuals alleged to be John Doe No. 1 and Jane Doe No. 1; Plaintiff will file a separate motion for early third-party discovery regarding the identities of the individuals alleged to be John Doe No. 2 and John Doe No. 3.

[2] Because the United States and Officer Ravencamp reserve their rights to deny the allegations in the complaint and hence cannot agree at this juncture that the Doe Defendants are proper defendants or that the people described in the complaint as the Doe Defendants took certain alleged actions, the parties have agreed that the subpoena's document requests will not ask explicitly for documents containing "the names of John Doe No. 1 and Jane Doe No. 1." Rather the requests will refer to the individuals based on available photographs or with reference to alleged background facts.

Dated: June 4, 2026

                                                      Respectfully submitted,

JUAN SEBASTIÁN CARVAJAL-MUÑOZ.

By his attorneys:

/s/ *Carol Garvan*
Carol Garvan
Zachary L. Heiden
Max Brooks
ACLU of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 619-8687
cgarvan@aclumaine.org
zheiden@aclumaine.org
mbrooks@aclumaine.org

Benjamin R. Gideon
Taylor A. Asen
Rosalie B.C. Wennberg
Gideon Asen LLC
95 Main Street, No.5
Auburn, Maine 04210
(207) 206-8982
service@gideonasenlaw.com
rwennberg@gideonasenlaw.com

James Wagner
Law Office of James Wagner
343 Ocean House Road
Cape Elizabeth, Maine 04107
(207) 400-6038
jamiewagnerlaw@gmail.com

Scott Michelman (D.C. Bar No. 1006945)*
Laura Follansbee (D.C. Bar No. 1782046)*
ACLU Foundation of the District of Columbia
529 14th St. NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
smichelman@acludc.org
lfollansbee@acludc.org

3

Julie A. Murray (D.C. Bar No. 1003807)*
Matthew R. Segal (D.C. Bar No. 483486)*
American Civil Liberties Union Foundation
15th Street NW, Washington, DC 20005
(202) 675-2326
jmurray@aclu.org
msegal@aclu.org

*Counsel for Plaintiff*

*Admitted *pro hac vice*.