UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUAN SEBASTIÁN CARVAJAL-MUÑOZ, <br><br> Plaintiff, <br><br> v. <br><br> JACK CORY RAVENCAMP, *et al.*, <br><br> Defendants. | Civil No. 2:26-cv-00190-JCN |

**PLAINTIFF'S CONSENT MOTION FOR PERMISSION
TO ISSUE A SECOND RULE 45 SUBPOENA TO THE UNITED STATES**

Plaintiff Juan Sebastián Carvajal-Muñoz, by his undersigned counsel, moves this Court, on consent, for permission to issue a second subpoena to the United States of America for documents containing the names of certain individuals, who Plaintiff alleges to be Defendants John Doe No. 2 and John Doe No. 3, under Federal Rule of Civil Procedure 45 prior to a Rule 26(f) conference. Counsel for Plaintiff has conferred with counsel for Defendant Jack Cory Ravencamp and for the United States, and Ravencamp and the United States consent to the relief requested, subject to the protective order in place.

Plaintiff filed this lawsuit in April 2026 against United States Immigration and Customs Enforcement Officer Jack Cory Ravencamp, as well as four agents whose names were unknown to Plaintiff—John Doe Nos. 1–3 and Jane Doe No. 1—for their alleged actions in stopping and detaining Plaintiff. *See generally* ECF No. 1. In June 2026, Plaintiff filed a consent motion for permission to issue a subpoena to the United States for documents containing the names of the individuals Plaintiff alleges to be Defendants Jane Doe No. 1 and John Doe No. 2. *See* ECF No.

19. At that time, the United States indicated to Plaintiff that the individuals alleged to be John Does No. 2 and John Doe No. 3 were not government employees. *See* ECF No. 21, at 2. Therefore, Plaintiff filed a motion for permission to issue a subpoena to Paragon Professional Services, LLC ("Paragon"), the company with a sole-source contract with U.S. Immigration and Customs Enforcement ("ICE") to provide transportation of detainees in Maine, for documents containing the names of the individuals alleged to be John Does 2 and 3. *See* ECF No. 21. The Court granted Plaintiff's motions for early discovery the next day. *See* ECF Nos. 23, 24. The United States has now provided responsive documents containing the names of the individuals alleged to be Defendants Jane Doe No. 1 and John Doe No. 1. However, Paragon has indicated that it has no responsive documents and that, based on its investigation, the individuals alleged to be John Does Nos. 2 and 3 are not employed by Paragon and likely work for the government.

In light of this additional information, the parties conferred further and Plaintiff now files this consent motion for permission to issue a subpoena to the United States to identify John Does Nos. 2 and 3, so that he might add them as named defendants to the lawsuit. The United States and Officer Ravencamp have asserted interests in avoiding early discovery and protecting confidential information. To balance these competing interests, the parties agree that the Court should permit limited early discovery directed to the United States and enabling Plaintiff to obtain the names of the individuals Plaintiff alleges to be Defendants John Does No. 2 and 3—that is, the individuals who traveled in a white passenger van (Maine license plate No. 4C 3438) on the afternoon of January 22, 2026—subject to the governing protective order. *See* Exhibit A (Proposed Subpoena).[1]

---

[1] Because the United States and Officer Ravencamp reserve their rights to deny the allegations in the complaint and hence cannot agree at this juncture that the Doe Defendants are proper defendants or that the people described in the complaint as the Doe Defendants took certain alleged actions, the parties have agreed that the subpoena's document requests will not ask explicitly for documents containing "the names of John Doe No. 2 and John Doe No. 3." Rather the requests

This agreement applies only to early discovery prior to the Rule 26(f) conference and the parties reserve all rights and objections with respect to the same or similar actions in later stages of the litigation.

The Court has the authority to order early discovery based on a showing of good cause. *See* Fed. R. Civ. P. 26(d). Here, the parties agree that, with a protective order in place, there is good cause to issue a limited subpoena to the United States. Hence, subject to the proposed protective order, the Court should authorize Plaintiff to issue to the United States the proposed Rule 45 subpoena. *See* Exhibit A.

Dated: July 2, 2026

Respectfully submitted,

JUAN SEBASTIÁN CARVAJAL-MUÑOZ.

By his attorneys:

/s/ *Carol Garvan*
Carol Garvan
Zachary L. Heiden
Max Brooks
ACLU of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 619-8687
cgarvan@aclumaine.org
zheiden@aclumaine.org
mbrooks@aclumaine.org

Benjamin R. Gideon
Taylor A. Asen
Rosalie B.C. Wennberg
Gideon Asen LLC
95 Main Street, No.5
Auburn, Maine 04210
(207) 206-8982

---

will refer to the individuals based on available photographs or with reference to alleged background facts.

service@gideonasenlaw.com
rwennberg@gideonasenlaw.com

James Wagner
Law Office of James Wagner
343 Ocean House Road
Cape Elizabeth, Maine 04107
(207) 400-6038
jamiewagnerlaw@gmail.com

Scott Michelman (D.C. Bar No. 1006945)*
Laura Follansbee (D.C. Bar No. 1782046)*
ACLU Foundation of the District of Columbia
529 14th St. NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
smichelman@acludc.org
lfollansbee@acludc.org

Julie A. Murray (D.C. Bar No. 1003807)*
Matthew R. Segal (D.C. Bar No. 483486)*
American Civil Liberties Union Foundation
15th Street NW, Washington, DC 20005
(202) 675-2326
jmurray@aclu.org
msegal@aclu.org

*Counsel for Plaintiff*

*Admitted *pro hac vice*.