UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUAN SEBASTIÁN CARVAJAL-MUÑOZ,<br><br>Plaintiff,<br><br>v.<br><br>JACK CORY RAVENCAMP, *et al.*,<br><br>Defendants. | Civil No. 2:26-cv-00190-JCN |

**PLAINTIFF'S OBJECTION TO WESTFALL ACT CERTIFICATION AND MOTION FOR CONSOLIDATED BRIEFING SCHEDULE**

On September 25, 2026, the United States filed a notice of substitution and certification under 28 U.S.C. § 2679(d) seeking to have all five federal officer defendants dismissed from this case, and seeking to substitute itself for those federal officer defendants. ECF Nos. 38, 38-1. Plaintiff Juan Sebastián Carvajal-Muñoz hereby objects to the certification as legally impermissible under 28 U.S.C. § 2679(b)(2)(A). Given that precisely these same issues are raised by Defendants' motion to dismiss for lack of jurisdiction (ECF No. 40), Plaintiff respectfully requests that the Court consolidate briefing on the validity of the government's Westfall Act certification with briefing on the pending motion to dismiss for lack of jurisdiction so that the Court has the benefit of full substantive briefing before making the consequential decision whether or not certification is proper under Section 2679.

Section 2679(b)(1) of the Westfall Act ordinarily makes the Federal Tort Claims Act the exclusive remedy for tortious conduct of government employees acting with the scope of their employment, but that exclusive-remedy provision is expressly limited by Section 2679(b)(2)(A)

("the Westfall carveout"). Under the Westfall carveout, the exclusive-remedy provision "does not extend or apply to a civil action against an employee of the Government [] which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Plaintiff's claims under the Maine Civil Rights Act against the five individual federal Immigration and Customs Enforcement (ICE) officer defendants (Counts I-V), like his *Bivens* claims against the individual defendants (Counts VI-IX), are claims "brought for a violation of the Constitution of the United States" and fall within the Westfall carveout. *See* ECF No. 33, ¶¶ 120-122, 127-186.

The government's Westfall Act certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee": it is subject to challenge and judicial review. *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 429, 434 (1995) (rejecting the view that "Congress . . . assigned to the federal court only rubber-stamp work" when the government has made a Westfall Act certification). In *Gutierrez De Martinez*, "the Supreme Court construed the Act so as to allow district courts to review the Attorney General's scope certificate relative to the matter of substitution of the United States as a party defendant." *Rogers v. Mgmt. Tech., Inc.*, 123 F.3d 34, 36 (1st Cir. 1997) (citing *Gutierrez De Martinez*, 515 U.S. at 430). Thus, "although the first move, the Attorney General's certification is not the 'final word' on the matter of scope of employment." *Bergeron v. Henderson*, 47 F. Supp. 2d 61, 64–65 (D. Me. 1999) (citing *Gutierrez De Martinez*, 515 U.S. at 434)); *see also Lyons v. Brown*, 158 F.3d 605, 607 (1st Cir. 1998) ("Scope of employment certifications by the government are reviewable by the district court.").

Following judicial review by the district court, "[i]f the certification stands," then the federal employee defendant is dismissed and granted immunity and the United States is substituted, but "[c]onversely, if the certification is overruled, then immunity for the federal

employee will not arise and the United States will not be substituted as the party defendant." *Cambron v. McInnis*, No. CIV. 10-221-B-W, 2010 WL 3488223, at *1 (D. Me. Sept. 1, 2010), *report and recommendation adopted*, No. CV-10-221-B-W, 2010 WL 4223770 (D. Me. Oct. 21, 2010) (citations omitted). Although objections to certification commonly take issue with the factual contention that the federal employee defendants were acting within the scope of their employment, the certification may be invalid for legal reasons as well. For instance, certification would not be effective as to "*Bivens* claims against individual federal officials." *Harbury v. Hayden*, 522 F.3d 413, 418 n.2 (D.C. Cir. 2008) (Kavanaugh, J.). This is because *Bivens* claims fall within the Westfall carveout for "a civil action against an employee of the Government [] which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A); *see Hui v. Castaneda*, 559 U.S. 799, 807 (2010).

Similar reasons undergird Plaintiff's objection to certification here: just as with Plaintiff's *Bivens* claims, Plaintiff's claims under the Maine Civil Rights Act for violations of his Fourth and Fifth Amendment rights are claims "brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). *See* ECF No. 33, ¶¶ 120-122, 127-186. The Westfall carve-out at 28 U.S.C. § 2679(b)(2)(A) preserves state law claims as well as *Bivens* claims "brought for a violation of the Constitution of the United States." *Buchanan v. Barr*, 71 F.4th 1003, 1016 (D.C. Cir. 2023) (Walker, J., concurring).

Given that precisely these same issues are raised by Defendants' pending motion to dismiss for lack of jurisdiction (ECF No. 40), Plaintiff requests that the Court consolidate briefing on the validity of the government's Westfall Act certification with briefing on the pending motion to dismiss for lack of jurisdiction.

In light of the weighty and novel issues raised by Defendants' motion to dismiss for lack of jurisdiction and their notice of substitution and certification, Plaintiff proposes consolidated briefing on the following schedule, which would add a week to each of the current deadlines: By October 23, 2026 (seven days after the current deadline for Plaintiff's response to the motion to dismiss), Plaintiff files consolidated briefing in support of his objection to the Westfall Act certification and in response to Defendants' motion to dismiss for lack of jurisdiction; by November 6 (seven days after the current deadline for Defendants' reply in support of their motion to dismiss), Defendants file consolidated briefing containing their response to Plaintiff's objections to Westfall Act certification and reply in support of their motion to dismiss for lack of jurisdiction; and by November 13, Plaintiff files a reply in support of his objection to Westfall Act certification.

The schedule for the individual Defendants' separate motion to dismiss for failure to state a claim (ECF No. 39) would be unaffected.

Dated: September 28, 2026

Respectfully submitted,

JUAN SEBASTIÁN CARVAJAL-MUÑOZ.

By his attorneys:

/s/ *Carol Garvan*

Carol Garvan
Zachary L. Heiden
Max Brooks
ACLU of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 619-8687
cgarvan@aclumaine.org
zheiden@aclumaine.org
mbrooks@aclumaine.org

Benjamin R. Gideon
Taylor A. Asen
Rosalie B.C. Wennberg
Gideon Asen LLC
95 Main Street, No.5
Auburn, Maine 04210
(207) 206-8982
service@gideonasenlaw.com
rwennberg@gideonasenlaw.com

James Wagner
Law Office of James Wagner
343 Ocean House Road
Cape Elizabeth, Maine 04107
(207) 400-6038
jamiewagnerlaw@gmail.com

Scott Michelman (D.C. Bar No. 1006945)*
Laura Follansbee (D.C. Bar No. 1782046)*
ACLU Foundation of the District of Columbia
529 14th St. NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
smichelman@acludc.org
lfollansbee@acludc.org

Julie A. Murray (D.C. Bar No. 1003807)*
Matthew R. Segal (D.C. Bar No. 483486)*
American Civil Liberties Union Foundation
15th Street NW, Washington, DC 20005
(202) 675-2326
jmurray@aclu.org
msegal@aclu.org

*Counsel for Plaintiff*

*Admitted *pro hac vice*.