IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

JUAN SEBASTIÁN CARVAJAL-MUÑOZ, )
)
*Plaintiff*, )
)
v. ) Civil No.: 2:26-CV-00190
)
JACK COREY RAVENCAMP, *et al.*, )
)
*Defendants*.

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE PROTECT DEMOCRACY PROJECT IN SUPPORT OF PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW**

The Protect Democracy Project, through its counsel, moves for leave to file as amicus curiae the accompanying brief in support of Plaintiff's objection (ECF No. 41; *see also* ECF No. 49 (Pl. Mem. Of Law)) to the United States's effort to substitute itself as a defendant under 28 U.S.C. § 2679(d)(1). Counsel for Amicus contacted counsel for the parties to ascertain the parties' position regarding this motion. Plaintiff consents to the relief sought in this motion. Defendants do not object. The grounds for this motion are as follows.

1. Protect Democracy Project is a 501(c)(3) nonpartisan, nonprofit whose mission is to prevent our democracy from declining into a more authoritarian form of government. Central to that mission is ensuring meaningful remedies for constitutional violations. The Protect Democracy Project and its 501(c)(4) partner, Protect Democracy United (collectively "Protect Democracy"), have worked with legislators in California, Connecticut, Massachusetts, New York, and Vermont on statutes that, like 42 U.S.C. § 1983, supply a cause of action for violations of the United States

Constitution by persons acting under color of law.[1] Those statutes' applicability to federal officers depends on the Westfall Act's exception preserving employee personal liability in any civil action "brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). That issue is at stake in this case. The government seeks to substitute itself under the Westfall Act on claims asserting federal constitutional violations that Plaintiff brings under the Maine Civil Rights Act, 5 M.R.S. § 4682 ("MCRA"), and to then dismiss those claims as jurisdictionally barred under the Federal Tort Claims Act. *See* ECF Nos. 38 & 40. Plaintiff objected to substitution and dismissal (ECF No. 41) and on October 23, 2026 filed his Memorandum of Law in Support of Objection to Westfall Certification and Opposition to Federal Government's Motion to Dismiss. ECF No. 49.

2. Protect Democracy's brief supports Plaintiff's position and demonstrates that the Westfall Act constitutional exception preserves claims brought under state statutes authorizing suits "brought for a violation of the Constitution of the United States," 28 U.S.C. 2679(b)(2)(A), including the federal constitutional claims Plaintiff brings under the Maine Civil Rights Act here. The brief further demonstrates that the Westfall Act exception authorizing federal constitutional suits is not limited to constitutional claims brought under the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

3. "[T]he acceptance of amicus briefs is within the sound discretion of the court." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). Factors that have guided the Court's discretion include whether "there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307

[1] *See* Cal. Civ. Code § 53.8; Conn. Pub. Act No. 26-14, § 1 (West); 2026 Mass. Acts Ch. 163 (2026), 2026 Mass. Legis. Serv. Ch. 163 (H.B. 5620) (West); N.Y. Civ. Rights Law § 85 (McKinney); Vt. Stat. Ann. tit. 12, § 5797 (West).

(D. Me. 2003) (cleaned up). The Court has also looked for guidance in Federal Rule of Appellate Procedure 29 and then-Judge Alito's opinion in *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132-33 (3d Cir. 2002), and identified: (1) an adequate interest; (2) desirability; and (3) relevance as factors bearing on leave to file an amicus brief. *See Portland Pipe Line Corp. v. City of South Portland*, 2017 WL 79948 at *5 (D. Me. Jan. 9, 2017).

4. Protect Democracy asserts interests that warrant amicus participation here. This Court has determined that "[t]he civil rights of Maine's residents plainly implicate the public interest" and that such public-interest questions support an amicus's motion for leave to file. *United States v. Maine Dept. of Educ.*, 2026 WL 3015678 at *1 (D. Me. Oct. 7, 2026). The meaning and scope of the Westfall Act exception preserving claims "brought for a violation of the Constitution of the United States" and its application to claims brought for federal constitutional violations under the Maine Civil Rights Act are questions of public interest. The public interest at stake also makes amicus participation here desirable. *See Portland Pipe Line Corp.*, 2017 WL 79948, at *5 (viewing "the amici briefs as desirable because they represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests"). The proposed brief is also relevant to an issue before the Court. The parties' dispute over the United States's effort at substitution raises purely legal issues, and amicus proposes to address those issues only. "Given the public interest in the issues presented, the potential for supplemental assistance," *United States v. Maine Dept. of Educ.* WL 3015678 at *2, and that no party objects to amicus's participation, leave to file is well within the Court's discretion and is properly granted here.

WHEREFORE Protect Democracy's motion for leave to file its Brief Amicus Curiae should be granted.

Dated: October 27, 2026

*/s/Melissa A. Hewey*
Melissa A. Hewey
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 253-0528
mhewey@dwmlaw.com